IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

HERAEUS ELECTRO-NITE CO., LLC, : 
   Plaintiff :
: CIVIL ACTION
   v. :
: NO. 09-2417
VESUVIUS USA CORP., :
   Defendant :

January 11, 2010                                            Anita B. Brody, J.

## EXPLANATION

Plaintiff Heraeus Electro-Nite Co., LLC ("HEN") owns two patents for instruments used to measure the temperature of molten metal. On May 27, 2009, HEN filed this action claiming that Defendant Vesuvius USA Corp. ("Vesuvius") makes, uses, offers, or sells products that infringe its patents. On October 1, 2009, Vesuvius filed a request with the United States Patent and Trademark Office (the "PTO"), asking it to reexamine the two HEN patents at issue in this matter. Immediately thereafter, Vesuvius filed a motion with this Court to stay the instant proceeding pending the PTO's reexamination. After a conference on October 15, 2009, I denied Vesuvius's motion for a stay pending reexamination.

On December 10, 2009, Vesuvius filed a renewed motion to stay the proceedings pending reexamination. Vesuvius claimed two key developments since I last addressed the issue: (1) Vesiuvius stated that it will not make or sell the accused product for the remaining life of the patents in suit, and (2) the PTO granted the reexamination requests for both patents.

District courts "have broad discretion to manage their dockets, including the power to grant a stay of proceedings." Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 849 (Fed. Cir. 2008). In determining whether to stay an action pending the reexamination of a patent by the PTO, courts consider "(1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, and (3) whether discovery is complete and whether a trial date has been set." Spa Syspatronic, AG v. VeriFone, Inc., No. 07-416, 2008 U.S. Dist. LEXIS 34223, at *5 (E.D. Tex. Apr. 24, 2008).

Because Vesuvius has withdrawn the allegedly infringing product from the market, there is little chance of prejudice to HEN. To be sure, courts have been reluctant to grant stays where, as here, the parties are direct competitors. See NIDEC Corp. v. LG Innotek Co., Ltd., No. 07-108, 2009 U.S. Dist. LEXIS 46123, at *4 (E.D. Tex. Apr. 3, 2009). In such situations, stays are denied where there is concern that the patent owner will be irreparably harmed because the accused product will continue to gain market share during the pendency of the stay. See, e.g., Innovative Office Prods. v. SpaceCo, Inc., No. 05-4037, 2008 U.S. Dist. Lexis 67500, at *11 (E.D. Pa. Aug. 28, 2008). Because Vesuvius has withdrawn the accused product, there is no risk of irreparable harm accruing during the stay. HEN can be adequately compensated with money damages. Thus, any "delay caused by reexamination will not diminish [HEN's] measure of damages." Cross Atl. Capital Partners, Inc. v. Facebook, Inc., No. 07-2768, 2008 WL 3889539, at *2 (E.D. Pa. Aug. 18, 2008). The absence of prejudice to HEN weighs in favor of a stay.

2

The second factor is whether a stay will simplify the issues in question.[1] There is a significant likelihood that the reexamination process will simplify the issues in question by altering the claims. PTO statistics suggest that, for ex parte reexaminations, the PTO cancels claims in 11 percent of cases and modifies them in 64 percent of cases. United States Patent and Trademark Office Ex Parte Reexamination Filing Data, June 30, 2009, http://www.uspto.gov/web/patents/documents/ex_parte.pdf. Thus, while it is true that, as HEN notes, 89 percent of reexaminations conclude with at least some of the patent's claims surviving the reexamination process, many of those claims emerge from reexamination in a different form. Moreover, "whether or not the PTO ultimately amends or invalidates a patent's claims during reexamination, the PTO's reexamination provides the Court with an expert funneling of the issues for trial." Spa Syspatronic, 2008 U.S. Dist. LEXIS 34223, at *5.

HEN also argues that ex parte reexaminations typically fail to simplify the issues in litigation because the moving party is free to assert the same issues of invalidity that the PTO already addressed. See NIDEC Corp., 2009 U.S. Dist. LEXIS 46123, at *16. Although Vesuvius's ability to relitigate the validity of the patents at trial after reexamination reduces some of the potential for simplification, the benefits of simplification still accrue for any claims that the PTO cancels or amends. Moreover, the delay associated with the stay will be minimized by

---

[1] I note that the possibility that the reexamination will be incomplete when the patents' lives expire has no effect on this factor. Reexamination will continue after a patent's expiration, so long as the patent remains inside the "period of enforceability," which is determined by adding six years to the date on which the patent expires. Manual of Patent Examining Procedure § 2211. Thus, there is no risk that if the reexamination is pending when the patents expire, the PTO will simply decline to address the issues, eroding the potential benefits of reexamination.

reexamination procedures that accelerate the reexamination process for patents involved in litigation. See Spa Syspatronic, 2008 U.S. Dist. LEXIS 34223, at *10.

Finally, the third issue is whether discovery is complete and whether a trial date has been set. This litigation remains at a very early stage in the proceedings; discovery is open until August 31, 2010. This factor weighs in favor of a stay, as any simplification of the issues will also reduce the costs of discovery.

Thus, I will grant Vesuvius's renewed motion for a stay pending reexamination.

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on 1/11/10 to:

Copies **MAILED** on 1/11/10 to:

Donald Sadura,

O:\ABB 2010\A - K\Heraeus v. Vesuvius explanation re stay.wpd

4